# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**GREAT SOUTHERN REALTY CO., INC.**                                              **PLAINTIFF**

**VS.**                                                                               **CIVIL ACTION NO. 3:12cv491-MTP**

**ALLSTATE INDEMNITY COMPANY**                                               **DEFENDANT**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [21] filed by Defendant Allstate Indemnity Company ("Allstate"). Having reviewed the submissions of the parties and the applicable law, the court finds that the Defendant's Motion for Summary Judgment [21] should be granted and that this action should be dismissed with prejudice.

FACTUAL BACKGROUND

On or about February 8, 2008, Allstate issued a Landlords Package Policy to Steven Milner, Policy No. 9 31 453093, effective February 8, 2008, to February 8, 2009 (the "Policy"). The Policy was issued for property located at 356 Hanley Circle, Brandon, Mississippi 39047-8156 (the "subject property"). Ex. B to Motion [21-2]. The property was owned by Plaintiff, Great Southern Realty Company, Inc. ("Great Southern"). Ex. D to Motion [21-4]. Milner and Christopher Lovelace incorporated Great Southern in 2006; Milner owned forty-nine percent of the stock and Lovelace owned fifty-one percent. Ex. B to Response [23-2].

On January 28, 2009, the subject property suffered a total fire loss. The cause of the fire was determined to be arson. Ex. I to Motion [21-9].

On January 24, 2012, Plaintiff filed a complaint for declaratory judgment in the County Court of Rankin County, Mississippi, seeking an order declaring that Allstate is liable to Plaintiff for coverage of the subject property pursuant to the Policy. Plaintiff sought judgment against Allstate for the policy limits (less the amount paid to Jefferson Bank, the mortgagee of the subject property), the costs of demolition and haul-off, costs, interest, and reasonable attorney fees, the total sum not to exceed $74,999. *See* Complaint [1-1]. Allstate removed the matter to this court on July 13, 2012, based on diversity of citizenship, stating that Plaintiff's discovery

responses established that Plaintiff did not plead the amount in controversy in good faith. Plaintiff did not file a motion to remand.

Allstate filed its Motion for Summary Judgment [21] on March 15, 2013. The motion has been fully briefed by the parties and is now ripe for consideration.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendant demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

The substantive law of Mississippi applies in this diversity case. *Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir. 2011). "The interpretation of the language of an insurance policy is a question of law." *Lambert v. Safeco Ins. Co. of Am.*, 87

So. 3d 1123, 1126 (Miss. Ct. App. 2012). In Mississippi, "when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Lambert*, 87 So. 3d at 1126. However, "ambiguous and unclear policy language must be resolved in favor of the insured," and "provisions that limit or exclude coverage are to be construed liberally in favor of the insured and strongly against the insurer." *Id.*

Allstate contends it is entitled to judgment as a matter of law on four independent grounds: 1) Plaintiff was not a named insured or party to the Policy and it cannot prove that Allstate owed or breached any contractual duty to it; 2) the Policy was obtained by material misrepresentations and is, therefore, void *ab initio*; 3) coverage is excluded under the vandalism exclusion; and 4) there is no coverage under the policy because the Policyholder refused to submit to an examination under oath (EUO).

    A.    Misrepresentations

Allstate claims that the Policy is void *ab initio* due to the misrepresentations made by Milner in applying for the Policy. The Policy provides in part:

> **Misrepresentation, Fraud or Concealment**
>
> We may void this policy if it was obtained by misrepresentation, fraud or concealment of material facts. If we determine that this policy is void, all premiums paid will be returned to you since there has been no coverage under this policy. We do not cover any losses or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.[1]

Allstate claims that in the course of applying for the Policy in February 2008, Milner made the following misrepresentations to Hal Brown, an Allstate sales agent:

    1) Milner falsely represented that he individually owned the subject property, when the property was actually owned by Great Southern;

---

[1] *See* Ex. B to Motion [21-2] at 13.

3

2) Milner falsely represented that he was going to rent the subject property, when there was actually never an intent to rent the property, but to renovate it and sell it for a profit;

3) Milner falsely represented that the subject property was not under construction, remodeling or renovation;

4) Milner falsely represented that the subject property would be occupied in February, 2008, when the property was actually vacant, had been vacant, and remained vacant from the day that Milner applied for the Policy until the day the property burned to the ground on January 28, 2009; and

5) Milner misled Brown to believe that he did not have a prior insurance policy on the subject property, when the property had been previously insured with United National/ Country Living.

Allstate alleges it issued the Policy to Milner in reliance on the information he submitted to Allstate on the insurance application. Allstate claims that had any of these misrepresentations been truthfully represented by Milner, it would not have issued the Policy as the subject property would have been ineligible pursuant to its Risk Management Policy. Ex. H to Motion [21-8]. Once the misrepresentations were discovered, Allstate voided the Policy *ab initio* and refunded the policy premiums. Ex. M [21-13].

Plaintiff does not specifically deny that Milner made the misrepresentations alleged above. Instead, it claims that there is "no indication" that Milner made any false representations to Brown, and that whether Milner misrepresented facts to Brown or whether Brown "made a great number of assumptions and translate[d] them into the insurance application" for the subject property is a genuine issue of material fact. *See* Response [23]. Plaintiff bases this argument, in part, on the fact that Brown could not recall certain details surrounding Milner's application, including whether Milner came by his office or whether he took the information over the telephone. Plaintiff also points out that the application was signed by Brown, not Milner.

4

While this motion could likely be decided on this issue alone, the court refrains from addressing the issue. As discussed below, even assuming the Policy were not void *ab initio* due to the alleged misrepresentations by Milner, there is no coverage for the subject loss under the terms of the Policy.

B. Vandalism Exclusion

Allstate claims that, assuming the Policy had not been rescinded, coverage for the loss to the subject property is excluded by the vandalism exclusion. Plaintiff does not address or dispute this argument in its Response [23] or Memorandum [24].

The Policy provides in part:

Losses We Do Not Cover Under Coverages A and B:

A. We do not cover loss to the property described in Coverage A – Dwelling Protection or Coverage B – Other Structures Protection consisting of or caused by:

* * *

18. Vandalism. However, we do cover sudden and accidental direct physical loss caused by fire resulting from vandalism unless your dwelling has been vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism.

Ex. B to Motion [21-2] at 15, 17. "Vandalism" is defined in the Policy as "willful or malicious conduct resulting in damage or destruction of property" and does not include "theft of property." *Id.* at 11.

The clear and unambiguous language of the Policy states that loss caused by Vandalism is excluded. The record reflects that the fire at the subject property was the result of arson, which clearly falls within the definition of Vandalism. Ex. I to Motion [21-9]. However, the Policy states that "sudden and accidental direct physical loss caused by fire resulting from vandalism" is covered **"unless your dwelling has been vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism**." Ex. B to Motion [21-2] at 17 (emphasis added). It is undisputed that the subject property was vacant for more than 90 days

5

prior to the vandalism. Ex. G to Motion [21-7] at 6-7; Ex. I [21-9]. As stated above, Plaintiff did not dispute or address the vandalism exclusion in its response or memorandum.

Based on the foregoing, assuming the Policy were valid, coverage for the loss to the subject property is excluded by the vandalism exclusion.

C. Refusal to Submit to EUO

Allstate further argues that, assuming the Policy had not been rescinded, there would be no coverage for the loss to the subject property because Milner, the policyholder, "refused to provide an EUO requested by Allstate, unless Allstate first complied with his unreasonable and improper demand to produce investigative materials related to the fire loss, 'any records' regarding Allstate's agent, and records on Milner's former business associate (Christopher Lovelace[2]) and his attorney (Great Southern's counsel in this case), all of which Milner was not entitled to as a prerequisite to the requested EUO." Memo. [22] at 3.

The Policy provides, in relevant part:

Section I Conditions
\*\*\*
3. **What You Must Do After a Loss**
In the event of a loss to any property that may be covered by this policy, you must:
\*\*\*
f) as often as **we** reasonably require:
\*\*\*
2) at **our** request, submit to examinations under oath, separately and apart from any other person defined as **you** or **insured person**, and sign a transcript of the same.[3]

On or about April 16, 2009, Allstate, through counsel, sent a letter to counsel for Milner requesting that Milner provide a sworn statement. Ex. K to Motion [21-11]. On May 12, 2009, counsel for Milner sent a letter to Allstate's counsel, acknowledging the request for an EUO, but stating that he was requesting the following information before any EUO could be given: 1) the names and addresses of all witnesses and witness statements; 2) a copy of any written or

---
[2]"Mr. Lovelace is now the sole owner of Great Southern."
[3]*See* Ex. B to Motion [21-2] at 24.

6

recorded statement by Milner; 3) a copy of the phone calls made to the Allstate claims center reporting the fire; 4) a copy of the Policy and any amendments or requests for address changes and any records involving Chris Lovelace or his attorney and Allstate's agent, Jeff Lewis; and 5) physical evidence and photographs relevant to the fire loss. *See* Ex. L to Motion [21-12].

"Mississippi courts, federal and state, have found that clauses within insurance policies requiring an insured's examination under oath are valid and reasonable." *Archie v. State Farm Fire & Cas. Co.*, 813 F. Supp. 1208, 1212 (S.D. Miss. 1992) (citing cases). Based on the record before the court, Milner, the named insured, never provided an EUO. Plaintiff does not dispute that Milner refused to provide an EUO. Indeed, Plaintiff does not dispute or address Allstate's argument regarding the exclusion of coverage for failure to provide an EUO.

Based on the clear and unambiguous Policy language and the record before the court, any coverage for the loss to the subject property would be excluded because Milner, the policyholder, willfully refused to submit to an EUO. *See Boston Ins. Co. v. Mars*, 148 So. 2d 718, 720 (1963) ("We think that the refusal of the insureds to submit to the examination under oath was a violation of the express provisions of the insurance policy, and resulted in a forfeiture of their right to recover under the policy."); *Archie v. State Farm Fire & Cas. Co.*, 813 F. Supp. 1208, 1213 (S.D. Miss. 1992) (granting summary judgment in favor of insurer, where the policy provision requiring plaintiff to submit to the examination was clear and unchallenged, the insurer advised plaintiff of his obligation to submit to a sworn examination on several occasions, and where plaintiff chose not to submit to the examination but to file a lawsuit instead); *cf. Mullen v. Miss. Farm Bureau Cas. Ins. Co.*, 98 So. 3d 1082, 1089 (Miss. Ct. App. 2012) (reversing summary judgment in favor of insurer where there was no "willful refusal" by the insured to submit to an examination under oath); *Russ v. Safeco Ins. Co. of Am.*, No. 2:11cv195–KS–MTP, 2013 WL 1310501, at *4 (S.D. Miss. Mar. 26, 2013) (denying insurer's motion for summary

judgment on the ground that insured failed to submit to an EUO, where there was no evidence of a "willful refusal" to comply with the EUO policy provision).

## CONCLUSION

Based on the foregoing, Allstate is entitled to judgment as a matter of law and this action should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendant's Motion for Summary Judgment [21] is GRANTED and that this action is dismissed with prejudice.

A separate judgment will be entered.

SO ORDERED this the 14th day of June, 2013.

s/ Michael T. Parker<br>United States Magistrate Judge